UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JEROME RANDOLPH**                                              **CIVIL ACTION**

**VERSUS**                                                       **NO. 20-318-SDD-SDJ**

**DEPARTMENT OF THE NAVY,**
**BOARD FOR CORRECTION OF**
**NAVAL RECORDS**

---

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 7, 2021.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JEROME RANDOLPH**                                              **CIVIL ACTION**

**VERSUS**                                                       **NO. 20-318-SDD-SDJ**

**DEPARTMENT OF THE NAVY,**
**BOARD FOR CORRECTION OF**
**NAVAL RECORDS**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (R. Doc. 18) filed by the United States of America (United States), on behalf of Defendant, the Department of the Navy, Board for Correction of Naval Records (BCNR).[1] The United States filed its Motion on December 21, 2021. (R. Doc. 18). Originally, Plaintiff, Jerome Randolph (Plaintiff), had 21 days—until January 11, 2021—to respond.[2] However, Plaintiff requested an extension until February 1, 2021 to respond (R. Doc. 19), which the Court granted (R. Doc. 21). Nonetheless, Plaintiff failed to file any response to the Motion to Dismiss within the additional time allowed and has not responded to the Motion to date. Therefore, while the Court has fully evaluated the merits of Plaintiff's case in resolving the United

---

[1] The Court referred this Motion to Dismiss (R. Doc. 18) for report and recommendation upon filing. *See* 28 U.S.C. § 636(b)(1)(B) (dispositive motions may be referred for report and recommendation); Fed. R. Civ. P. 72(b) (same); LR 72(b) (same).

[2] *See* (R. Doc. 2) (Plaintiff's consent to receive service by electronic means using the Court's CM/ECF System); (R. Doc. 18) (Motion to Dismiss electronically filed on December 21, 2020); *see also* Local Rule 7(f) (response due within 21-days after service); Local Rule 5(f) (if recipient is registered to receive electronic filings, "service if complete when the document is electronically filed").

States' Motion to Dismiss, it considers the Motion unopposed. For the reasons outlined below, the Court recommends that the Motion to Dismiss (R. Doc. 18) be **GRANTED**.

## I.   BACKGROUND

Plaintiff served as a naval officer from June of 2000 until his dishonorable discharge in 2011. *Randolph v. United States* (*Randolph I*), 129 Fed. Cl. 301, 303 (2016). After being accused of sexual assault by a recruit in 2009, Plaintiff was "brought before a court-martial for three violations of the Uniform Code of Military Justice (UCMJ), including Article 107 (making a false official statement), Article 133 (conduct unbecoming an officer and a gentleman), and Article 120 (rape and carnal knowledge)." *Randolph I*, 129 Fed. Cl. at 303-04. After pleading guilty to 2 of the charges—Article 107 (making a false official statement) and Article 133 (conduct unbecoming an officer and a gentleman)—Plaintiff was sentenced to "confinement for 24 months" and dishonorably discharged from the Navy. *Id.* at 304. "The charge for violating Article 120 [(rape and carnal knowledge)]" was dropped." *Id*.

Since then, Plaintiff has "filed multiple petitions with the Bureau for Correction of Naval Records (BCNR) seeking multiple forms of relief. The BCNR denied all of these petitions." Order at 1, *Randolph v. Dep't of Navy* (*Randolph III*), No. 18-cv-869-CMH-JFA (E.D. Va. Oct. 29, 2018), ECF No. 140.[3] In 2016, Plaintiff filed a complaint in the United States Court of Federal Claims, "asserting claims similar to those asserted before the BCNR." *Randolph I*, 129 Fed. Cl. 301, 304 (2016). Plaintiff primarily argued that "since Article 120 [(rape and carnal knowledge)] was dismissed, the case itself should have been dismissed . . . ." *Randolph I*, 129 Fed. Cl. at 304. As relief, he requested (1) that his dishonorable discharge be upgraded, (2) an award of back pay, applicable promotions and retirement, and (3) that the record of his General Court Martial be

---

[3] The Eastern District of Virginia's Order dismissing Plaintiff's identical cause of action can be found in the record of this case. (R. Doc. 18-4). The Order is attached as Exhibit C to the United States' Motion to Dismiss. (R. Doc. 18-4).

expunged. *Id.* at 305. After thoroughly reviewing the administrative record, the Court of Federal Claims granted the BCNR's motion for judgment on the administrative record as to Plaintiff's requests to upgrade his discharge status and for back pay. *Randolph I*, 129 Fed. Cl. at 306-07 ("It was reasonable for the BCNR to conclude that under these facts Mr. Randolph's case did not warrant upgrading his discharge status and granting back pay. . . . The Court is satisfied that the BCNR's decision was reasonable and supported by ample evidence, including Mr. Randolph's own guilty pleas."). The Court of Federal Claims then dismissed Plaintiff's request to expunge the record of his General Court Martial for lack of subject matter jurisdiction. *Randolph I*, 129 Fed. Cl. at 307.

Plaintiff then appealed the decision to the Court of Appeals for the Federal Circuit. *See Randolph v. United States* (*Randolph II*), 695 F. App'x 561 (2017). The Federal Circuit affirmed the decision of the Court of Federal Claims on June 13, 2017. *Randolph II*, 695 F. App'x 561.

Rather than accepting the decision, Plaintiff file the exact same lawsuit in the Eastern District of Virginia on July 13, 2018. *Randolph III*, No. 18-cv-869-CMH-JFA (E.D. Va. filed July 13, 2018). The Eastern District of Virginia dismissed Plaintiff's requests for back pay and an upgrade of his discharge status because the Court of Federal Claims already issued a final judgment on the merits regarding those claims. The doctrine of res judicata therefore "barr[ed] any further litigation of them." Order at 3, *Randolph III*, No. 18-cv-869-CMH-JFA (E.D. Va. Oct. 29, 2018), ECF No. 140. Finally, Plaintiff's request to have the record of his General Court Martial expunged was dismissed for lack of subject matter jurisdiction. *Id*. at 4.

Following the Eastern District of Virginia's dismissal of his lawsuit, Plaintiff filed a nearly identical Complaint before this Court on May 26, 2020. (R. Doc. 1). Like his prior complaints, Plaintiff again requests: (1) that his discharge status be upgraded; (2) an award of back pay and

applicable promotions; and (3) that the record of his General Court Martial be expunged. (R. Doc. 1-1 at 3). Plaintiff also briefly mentions defamation and an unspecified 6th Amendment claim; however, his Complaint is devoid of any facts related to either claim. In response to the Complaint, the United States filed the instant Motion to Dismiss on behalf of the BCNR.

At the outset, the BCNR asks the Court to take judicial notice of the opinions and orders issued by the Court of Federal Claims, Federal Circuit and the Eastern District of Virginia, all of which are attached to the Motion to Dismiss (R. Docs. 18-2, 18-3, 18-4). *See Martinez v. McLane*, 792 F. App'x 282, 284 (5th Cir. 2019) ("[W]e take judicial notice of the orders and other documents in the appendix to McLane's motion to dismiss."). The Court **RECOMMENDS** that **judicial notice** be taken of these **prior opinions** and that they be considered by the Court in resolving the Motion to Dismiss.

## II.    LAW AND ANALYSIS

A motion to dismiss tests the sufficiency of the Complaint. Here, Defendant seeks dismissal under Rule 12(b)(1) (lack of subject matter jurisdiction) and Rule 12(b)(6) (failure to state a claim). The Court will consider the Complaint, along with the prior orders and opinions of which it has recommended taking judicial notice. *See Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018) ("Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. . . . The burden of proof for a Rule 12(b)(1) motion is on the party asserting jurisdiction."); *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[A]ffirmative defenses that have been considered on a motion to dismiss under Rule 12(b)(6) include the barring effect of res judicata and related preclusion principles."); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper

attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

> **A.     Res judicata bars Plaintiff's requests for back pay and upgrade of his dishonorable discharge status.**

Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). For claims to be barred by res judicata, the following elements must be present: (1) a final judgment previously issued on the merits by a court of competent jurisdiction; (2) privity; and (3) the same cause of action must be present in both suits. *See Comer v. Murphy Oil USA*, 718 F.3d 460, 467 (5th Cir. 2013) (outlining elements of res judicata). As the Eastern District of Virginia already found in its Order dismissing Plaintiff's previous lawsuit, Plaintiff's requests for back pay and upgrade of his dishonorable discharge are both barred by res judicata. *See* Order at 3, *Randolph III*, No. 18-cv-869-CMH-JFA (E.D. Va. Oct. 29, 2018), ECF No. 140.

First, the Court of Federal Claims issued a final judgment on the merits in Plaintiff's prior case, which was affirmed by the Federal Circuit. *Id.*; *see also Randolph I*, 129 Fed. Cl. at 306-07; *Randolph II*, 695 F. App'x 561 (2017). Beyond that, Plaintiff has made no contention that the Court of Federal Claims lacked jurisdiction to enter that order. *See* Order at 3, *Randolph III*, No. 18-cv-869-CMH-JFA (E.D. Va. Oct. 29, 2018), ECF No. 140. Second, the same parties are present in both this case and the case before the Court of Federal Claims. Therefore, privity exists. Finally, Plaintiff's requests for back pay and an upgrade of his dishonorable discharge are identical to the claims asserted before the Court of Federal Claims. Because all the elements of res judicata are met, any further litigation of Plaintiff's requests for back pay and an upgrade of his dishonorable discharge are barred. Therefore,

**IT IS RECOMMENDED** that the United States' Motion to Dismiss be **GRANTED** and that Plaintiff's requests for (1) "**back pay** and any applicable promotions" and (2) "**upgrade** of [his] discharge status" be **DENIED with prejudice**.

### B. The Court lacks jurisdiction to expunge the record of Plaintiff's General Court Martial.

The United States Supreme Court has consistently recognized that "military law is a jurisprudence which exists separate and apart from the law which governs in our federal judicial establishment." *Schlesinger v. Councilman*, 420 U.S. 738, 746 (1975). As the Eastern District of Virginia has already explained in Plaintiff's earlier lawsuit, "Congress has not conferred jurisdiction to directly review court-martial determinations on any Article III court. Article III courts may only review collateral attacks on court-martial determination." Order at 4, *Randolph III*, No. 18-cv-869-CMH-JFA (E.D. Va. Oct. 29, 2018), ECF No. 140.

Here, by asking the Court to expunge the record of his General Court Martial, Plaintiff is asking the Court to directly review the court-martial determination—something it cannot do. For this reason, the Court **RECOMMENDS** that the United States' Motion to Dismiss (R. Doc. 8) be **GRANTED** and that Plaintiff's request for expungement of his General Court Martial Record be **DISMISSED without prejudice**.

### C. Plaintiff's defamation and Sixth Amendment claims are barred by sovereign immunity.

First, Plaintiff alleges that "falsely accusing someone of having committed a crime is considered 'defamatory per se.'" (R. Doc. 1-1 at 1). To the extent he is making a defamation claim, it is barred by sovereign immunity.

The United States is immune from suit "unless, and only to the extent that, it has consented to be sued." *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). And while the United

States has waived its sovereign immunity for most claims sounding in tort, *see Truman*, 26 F.3d at 594 (noting the FTCA generally "allows the government to be held liable in tort for any negligent or wrongful act or omission"), it has not done so for defamation claims, *see Confessor v. United States*, 2020 WL 5836728, at *5 (E.D. Tex. Sept. 10, 2020) ("plaintiff's defamation claims are barred by sovereign immunity and fall outside the limited waiver of the FTCA").

Likewise, the United States has not waived sovereign immunity for alleged constitutional violations. *See Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 410 (1971). Although Plaintiff has not pleaded any facts regarding the Sixth Amendment violation briefly referenced in his form Complaint (R. Doc. 1 at 1), to the extent he has brought such a claim, that claim is barred by sovereign immunity. Therefore,

**IT IS RECOMMENDED** that the United States' Motion to Dismiss (R. Doc. 18) be **GRANTED** and that Plaintiff's defamation and Sixth Amendment claims both be **DISMISSED without prejudice**.

Signed in Baton Rouge, Louisiana, on September 7, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**